## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

CAN YAVAS,

        Plaintiff,

    v.

BLUECHIP FINANCIAL d/b/a
SPOTLOAN; NINGO LENDING LLC
d/b/a/ SPOTLOAN; RCOFIII
SPEC-FIN CREDIT 1, LLC, R&R SPE
LLC, and ADRIAN SPRATT,

        Defendants.

**NOTICE OF FILING NOTICE OF REMOVAL**

TO THE CLERK OF THIS COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendants RCOFIII Spec-Fin Credit 1 LLC ("RCOF") and R&R SPE LLC ("R&R") (collectively, the "Funds"), by and through counsel, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, hereby remove to this Court the state court action originally commenced in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, styled *Can Yavas vs. BlueChip Financial, Ningo Lending LLC, RCOFIII Spec-Fin Credit 1*

*LLC, R&R SPE LLC, Samuel Adrian Spratt*, Case No. 2026-CC-005688-O.[1]  The

Funds remove this case on the grounds of federal question jurisdiction.

**PLEASE TAKE FURTHER NOTICE** that a copy of this Notice of

Removal is being served upon all parties and is attached to the Notice of Filing of

Notice of Removal being filed with the Clerk of the Circuit Court of the Ninth

Judicial Circuit in and for Orange County, Florida.

In support of removal, the Funds aver as follows:

1.      Plaintiff Can Yavas filed an action styled *Can Yavas vs. BlueChip*

*Financial, Ningo Lending LLC, RCOFIII Spec-Fin Credit 1 LLC, R&R SPE LLC,*

*Samuel Adrian Spratt*, Case No. 2026-CC-005688-O, in the Circuit Court of the

Ninth Judicial Circuit in and for Orange County, Florida, on March 11, 2026.  On

March 17, 2026, Plaintiff filed his First Amended Complaint.  Pursuant to 28

U.S.C. § 1446(a) and Local Rule 1.06(b), copies of all process, pleadings and

orders served on, or accepted by, the Funds, and copies of each paper docketed in

the state court are attached as **Exhibit 1**.

2.      In his First Amended Complaint, included herewith in **Exhibit 1**,

Plaintiff purports to assert claims against the Funds under Sections 772.103(3) and

---

[1] By removing this cause to federal court, the Funds do not consent to personal jurisdiction or waive any arguments with respect to personal jurisdiction.  *See Ferenchak v. Zormati*, 572 F. Supp. 3d 1284, 1289 (S.D. Fla. 2021) ("The Supreme Court and several Courts of Appeals, including the Eleventh Circuit Court of Appeals, have established that defendants who remove cases to federal court do not waive their challenge to personal jurisdiction.") (collecting cases).

772.103(4) of Florida's Civil Remedies for Criminal Practices Act (Counts III and IV) and Sections 1962(c) and 1962(d) of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") (Counts V and VI).

3.    As more fully set forth herein, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Funds have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and § 1367 (supplemental jurisdiction).

4.    The undersigned counsel is authorized by the Funds to file this Notice of Removal and is a member of the Bar of this Court.

## PROCEDURAL STATEMENT

5.    R&R was served with Plaintiff's Summons and First Amended Complaint on March 25, 2026.  RCOF was served with Plaintiff's Summons and First Amended Complaint on April 3, 2026.  This Notice of Removal has been timely filed within 30 days of service on R&R and RCOF pursuant to 28 U.S.C. § 1446(b).  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

6.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and First Amended Complaint are attached hereto in **Exhibit 1**.  The Funds have not yet answered the First Amended Complaint.

7.      Pursuant to 28 U.S.C. § 1441(a), venue in the United States District Court for the Middle District of Florida is proper because this district embraces the Circuit Court of the Ninth Judicial Circuit in and for Orange County, where this action is currently pending.

8.      Pursuant to 28 U.S.C. § 1446(d), the Funds will promptly file a copy of this Notice of Removal in the Circuit Court of the Ninth Judicial Circuit in and for Orange County and give written notice of the removal to the Plaintiff.

## FEDERAL QUESTION JURISDICTION

9.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts two claims under RICO, a federal statute.  (Am. Compl. ¶¶ 182-195 (Counts V and VI).  *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016) ("federal jurisdiction attaches when federal law creates the cause of action asserted").

10.     This Court has discretion to exercise supplemental jurisdiction over Plaintiff's remaining state law claims as they are closely related to Plaintiff's RICO claims and form part of the same case or controversy.  *See* 28 U.S.C. § 1367(a); Am. Compl. ¶¶ 171-195 (Counts III – VI each alleging that R&R and

RCOF are part of an illegal "enterprise" that "charged [him] an interest rate far in excess of the maximum lawful rate under Florida law").  The state law claims also rely on the same general facts set forth in Plaintiff's Factual Allegations as his federal claims do.  *See* Am. Compl. ¶¶ 171, 176, 182, 189.

## **CONCLUSION**

Because Counts V (RICO Section 1962(c)) and VI (RICO Section 1962(d)) each assert a civil action arising under the laws of the United States, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.  As a result, this action is removable pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendants RCOFIII Spec-Fin Credit 1 LLC and R&R SPE LLC respectfully remove to federal court the above-captioned civil action, which is currently pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

Dated: April 23, 2026.

[*signatures on next page*]

RESPECTFULLY SUBMITTED,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*s/ Ginger Barry Boyd*
GINGER BARRY BOYD, ESQ.
Florida Bar # 294550
NELSON MULLINS RILEY &
SCARBOROUGH LLP
215 South Monroe Street, Suite 400
Tallahassee, Florida 32301
Telephone: (850) 907-2556
Facsimile: (850) 681-9792
ginger.boyd@nelsonmullins.com
bev.cowart@nelsonmullins.com

*Counsel for Defendants RCOFIII Spec-Fin Credit 1 LLC and R&R SPE LLC*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2026 a true and correct copy of the foregoing was filed with the Clerk of Courts via the Florida Courts E-Filing Portal which will send Notice of Electronic Filing to all registered counsel and interested parties in accordance with Florida Rule of Judicial Administration 2.516 as follows:

**SERAPH LEGAL, P.A.**

Fethullah Gulen, Esq.
Florida Bar Number: 1045392
FGulen@seraphlegal.com
3505 E Frontage Road, Suite 145
Tampa, FL 33607
Tel: 813-567-1230
Fax: 855-500-0705

*Counsel for Plaintiff*

**ROBINS KAPLAN LLP**

Timothy W. Billion, Esq.
150 E 4th Place, Suite 704
Sioux Falls, SD 57104
TBillion@RobinsKaplan.com

*Counsel for Defendants*
*BlueChip Financial d/b/a Spotloan,*
*Ningo Lending LLC d/b/a Spotloan,*
*and Samuel Adrian Spratt*

/s/  Ginger Barry Boyd
Attorney